# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STERLING HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> FLAGSTAR BANK, FSB, <br><br> JOHN DOE 1-10, JANE DOE 1-10, <br><br> Defendants. | Civil Case No. 1:12-cv-01556-RC |

## DEFENDANT FLAGSTAR BANK, FSB'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Flagstar Bank, FSB ("FSB") submits this Memorandum of Points and Authorities in Opposition to Plaintiff's undated Motion to Remand, served upon FSB via CM/ECF on November 14, 2012.[1]  Because Plaintiff has made no showing that FSB's removal was untimely or procedurally defective, and has made no other cognizable challenge to this Court's jurisdiction, his Motion should be denied.[2]

## I.     INTRODUCTION

Making nothing more than completely unsubstantiated assertions that this case was not properly removed pursuant to 28 U.S.C. § 1446, and that this Court somehow lacks subject matter jurisdiction pursuant to 28 U.S.C. 1447(c), Plaintiff requests remand of this action back

---

[1] The Motion to Remand includes an undated certificate of service.  However, FSB has never received a service copy from Plaintiff, and was first served with the Motion by electronic notice from the Court's CM/ECF system on November 14, 2012.

[2] Plaintiff's Motion to Remand appears to make reference to a prior "opposition" to FSB's Notice of Removal.  FSB is unaware of any such opposition being filed in this Court or in Superior Court.

to the Superior Court for the District of Columbia ("Superior Court").  *See* Plaintiff's Motion to Remand ("Remand") at 1-2.  Although the Motion recites the language of the applicable removal statute and quotes several inapplicable Third Circuit decisions on removal and remand, Plaintiff does not include <u>any</u> facts or analysis specific to this case to challenge this Court's diversity jurisdiction, or in support of his request for remand.  Because Plaintiff has not contradicted any of the jurisdictional facts in FSB's Notice of Removal, including the diverse citizenship of the parties, the Motion to Remand should be denied.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiff entered into a mortgage transaction with First Community Mortgage, Inc. ("FCM") on January 8, 2007 ("Loan") secured by the property located at 2842 30th Street NE, Washington, DC 20018 ("Property") with a Deed of Trust executed on the same day.  *See* Complaint at ¶3 and Notice of Removal at ¶16.  On March 1, 2007, FSB and FCM entered into a Notice of Assignment, Sale, or Transfer of Servicing Rights dated March 1, 2007 ("Assignment").  *See* Assignment attached as Exhibit A.

Starting in 2011, Plaintiff failed to make the required payments on the Loan.  On August 15, 2012, Plaintiff filed his Complaint in Superior Court seeking to "quiet title" to the property and alleging that FSB unlawfully sold, assigned, and transferred ownership and security interest in the Loan, and thus does not have lawful ownership or security interest in the Property.  Complaint at ¶ 7.

On September 19, 2012, FSB filed its Notice of Removal ("Removal").  In its Removal, FSB stated the jurisdictional bases for removal, and provide the reasons that removal was timely and venue was proper.  Removal at ¶¶ 1-2, 6-8.

### III.    ARGUMENT

A.    <u>FSB Properly Removed this Case to Federal Court</u>.

Plaintiff vaguely asserts that remand is appropriate, but fails to assert any basis for his claim that FSB improperly removed this matter pursuant to 28 U.S.C. § 1446.  Plaintiff's Remand states only that: (1) a defendant "desiring to remove any civil action…from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure" [28 U.S.C.§ 1446(a)]; and (2) "the notice of removal of a civil action shall be filed within thirty (30) days after the receipt by the defendant." [28 U.S.C.§ 1446(b)].[3]  Remand at 1.  However, as shown below, FSB has complied with these statutory requirements, and Plaintiff has demonstrated no cognizable reason for remand.

There is no basis for Plaintiff's suggestion that FSB improperly removed this case to the wrong district court.  Pursuant to 28 U.S.C. § 1441(a), removal to the U.S. District Court for the District of Columbia is proper because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a) and 28 U.S.C. § 88; and *Adolph Coors Co. v. Truck Ins. Exch.*, 2005 U.S. Dist. LEXIS 3588, *5 (D.D.C. Feb. 28, 2005).  FSB also identified the grounds for removal in its signed Notice and attached a copy of all process, pleadings, and orders served upon it in a CD.

In addition to being properly removed from Superior Court to this Court, FSB's Removal was timely filed pursuant to 28 U.S.C. § 1446(c).  The Removal was filed within thirty days of the first "receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

---

[3]  Plaintiff's Motion to Remand incorrectly refers to 28 U.S.C. §§ 1446(b) and (c) respectively.

based...."  28 U.S.C. §1446(b).  FSB first received notice of the existence of Plaintiff's Complaint by mail received in its legal department on or about August 22, 2012.  Removal at ¶6.  Because FSB removed this case on the basis of diversity jurisdiction and Plaintiff's Complaint did not specify monetary relief, FSB asserted the outstanding balance of the Loan as the amount in controversy in its Removal.  *See* 28 U.S.C. § 1446(c).  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice was served upon Plaintiff by Certified Mail with Return Receipt Requested and filed with the Clerk of Court for the Superior Court.

As there are no procedural defects regarding the timely filing of FSB's Removal or the venue, Plaintiff's Motion to Remand is baseless and should be denied.

B.   Removal is Proper Because This Court Has Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)(1).

Despite Plaintiff's vague suggestion that this Court lacks subject matter jurisdiction over this matter, FSB established diversity jurisdiction by meeting the requirements of 28 U.S.C. § 1332(a)(1).[4]  The amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff disputes a Deed of Trust securing a real property loan of nearly $160,000 on his property.  *See* 28 U.S.C. § 1332(a); Complaint at ¶¶ 7-8; Removal at ¶16.

Plaintiff has made no showing that the parties are not diverse, because this matter does involve citizens of different states.  FSB is incorporated in the State of Michigan, with its principal place of business also located in Michigan.[5]  A corporation shall be deemed a citizen of the state in which it has been incorporated.  *See* 28 U.S.C. § 1332(c)(1); *Adolph Coors*, 2005 U.S. Dist. LEXIS 3588 at *5.

---

[4] The district courts have original jurisdiction over a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1)-(2).

[5] Plaintiff mailed the Complaint and Summons to a corporate address of FSB in Troy, Michigan.

At the time of the filing of the Superior Court action, Plaintiff's Complaint contained no specific averment regarding citizenship, but consistently used only one address (the Property address) in the District of Columbia.  The address provided by Plaintiff in the caption of the Complaint is the address of the Property in the District of Columbia.  The first paragraph of the Complaint also identifies Plaintiff as the owner of the Property.  Finally, Plaintiff's signature block to the Complaint uses this same District of Columbia address, and his verification was notarized by a District of Columbia notary.[6]  Complaint at 5.  In sum, FSB has provided unrefuted information regarding his citizenship and residency in the District of Columbia, none of which has been contradicted by Plaintiff.

Although the Remand now includes a signature block with an address in Grandville, Michigan, this has no bearing upon the propriety of removal or this Court's jurisdiction.  A party's citizenship for purposes of diversity is determined at the time a suit is filed.  *See Yueh-Lan Wang v. New Mighty United States Trust*, 841 F. Supp. 2d 198, 206 (D.D.C. 2012) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004)); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("diversity of citizenship is assessed at the time the suit is filed.").  As of the date this action was filed in Superior Court, he provided only a residence address in the District of Columbia.  Indeed, even now the Remand does not assert that Plaintiff is a citizen or resident of any other state, nor does it contradict any of the jurisdictional facts set forth by FSB in its Removal.

---

[6]  Upon information and belief, Plaintiff also holds a driver's license issued by the District of Columbia.  (*See* excerpts of a Lexis Nexis Person Search attached as Exhibit B.  Confidential information of Plaintiff has been redacted.)

Plaintiff's recent use of a mailing address in Grandville, Michigan is nothing more than a last-ditch effort to defeat diversity jurisdiction and should be rejected. Public records indicate that this Michigan address is an industrial property which serves as the central mail processing facility of an entity known as Mailbox Forwarding, Inc. ("MFI"). MFI is a remote mailbox service which provides customers with a street address and a unique five-digit box number, allowing them to receive paper mail delivered by any carrier (USPS, FedEx, UPS, etc.) regardless of their actual location. *See* MFI Description of Business and Selection of Mailbox Addresses attached as Exhibit C.

In sum, Plaintiff's Motion provides no basis for remand, and it should be denied. This action was timely removed to this Court, and it has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and (c).

C.      Plaintiff's Request for Costs and Expenses Completely Lacks Merit.

In the last paragraph of Plaintiff's Motion, he requests an award of fees and costs. Plaintiff has provided no evidence of his citizenship from any state other than the District of Columbia, and has presented no other credible challenge to this Court's jurisdiction.

However, even if Plaintiff's request for remand is entertained by the Court, FSB's basis for removal was objectively reasonable, making an award of costs inappropriate. There has been no allegation that FSB's Notice was frivolous or made in bad faith. An award of costs is proper in "unusual circumstances…only where the removing party lacked an objectively reasonable basis for seeking removal." *Wash. Consulting Group, Inc. v. Raytheon Tech. Servs. Co., LLC*, 760 F. Supp. 2d 94, 109 (D.D.C. 2011) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)); *see also Nat'l Consumers League v. General Mills*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010) (finding award

of costs and fees inappropriate where removal "was not contrary to well-settled law or binding authority"); *Ibrahim v. 1417 N Street Assocs., L.P.,* 950 F. Supp. 406, 408 (D.D.C. 1997) (explaining that "the award of costs on remand is usually appropriate only when the nonremovability of the action is obvious").  Clearly, no award of costs is appropriate in this case.

### IV.   CONCLUSION

For the foregoing reasons, FSB requests that the Court deny Plaintiff' Motion to Remand in all respects.

Dated:  December 3, 2012

>                    Respectfully submitted,
>
>            */s/ Mary S. Diemer*
>     Mary S. Diemer
>     Bar No. 416527
>     Nelson Mullins Riley & Scarborough, LLP
>     101 Constitution Avenue, N.W., Suite 900
>     Washington, D.C.  20001
>     mary.diemer@nelsonmullins.com
>     Phone:  202.712.2815
>     Fax:  202.712.2860
>
>     *Counsel for Defendant Flagstar Bank*

7

~#4840-4050-7410 v.2~

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December 2012, a copy of the foregoing **DEFENDANT FLAGSTAR BANK, FSB'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** was filed electronically <u>and</u> delivered via Certified Mail with Return Receipt to:

>Sterling J. Harris
>2885 Sanford Avenue, SW #19557
>Grandville, MI 49418
>
>and
>
>Sterling J. Harris
>2842 30th Street NE
>Washington, DC 20018

>       */s/ Mary S. Diemer*
> Mary S. Diemer

~#4840-4050-7410 v.2~